1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY GIRALDES, JR.,                          No.  2:16-cv-0497 AC P

12                   Plaintiff,

13         v.                                        ORDER

14    ALICE NICOLAI, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

18    In addition to filing a seventh amended complaint (ECF No. 14), plaintiff has filed an application

19    to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 4), a motion for

20    appointment of counsel (ECF No. 5), and a request for injunctive relief (ECF No. 6).  Plaintiff has

21    consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28

22    U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 7.

23         I.      Request to Proceed In Forma Pauperis

24         Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

25    ECF No. 4.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

26    (2).  Accordingly, the request to proceed in forma pauperis will be granted.

27         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

28    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7  1915(b)(2).

8      II.      Statutory Screening of Prisoner Complaints

9        The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

14  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

15  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

16  1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

17  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

18  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

19  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

20  Franklin, 745 F.2d at 1227.

21        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

22  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

23  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

24  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

25  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

26  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

27  Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most

28  ////

2

favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.    Screening Order

The court has reviewed the seventh amended complaint, which supersedes the earlier filed complaints,[1] and for the limited purposes of § 1915A screening and liberally construed, finds that it states potentially cognizable First Amendment retaliation claims against defendants A. Nicolai (dietician), Dr. M. Bobbala, Dr. E. Moghaddam, Dr. Luke Bi, Dr. P. Sahota, B. Goeman (supervising nurse), Correctional Officer Tuers, and D. Bodenhamer (physician assistant). The crux of plaintiff's complaint is that he has been retaliated against for pursuing his own lawsuits and administrative appeals and obtaining settlements of those disputes, and for assisting other inmates with their lawsuits and administrative appeals. Specifically, plaintiff claims that in retaliation for filing administrative appeals and lawsuits, including an earlier lawsuit in which Tuers was a named defendant, see Giraldes v. Oania, No. 2:14-cv-00726 JAM EFB (E.D. Cal), defendants have worked together to deny him necessary medical treatment and medical housing, which was mandated by a settlement agreement reached in another case, Giraldes v. Hicimbothem, No. 1:09-cv-0154 SKO (E.D. Cal) (Hicimbothem).[2] See ECF No. 14 (alleging the following acts of retaliation: (1) defendants Tuers, Goeman, Moghaddam, and Sahota worked together to have plaintiff discharged from the medical housing unit in violation of the Hicimbothem settlement agreement and admitted that the discharge was for purposes of retaliation and punishment for plaintiff's lawsuits and administrative appeals; (2) defendants Bobbala, Bodenhamer, and Sahota acted together to take away plaintiff's pain management treatment in violation of the Hicimbothem settlement agreement for the sole purpose of punishing plaintiff's litigation efforts; (3) defendant Nicolai took away plaintiff's protein drinks, meals, and

---

[1] Plaintiff has filed amended complaints seriatim, without waiting for the court to screen any of them. This is the first screening order in the case.

[2] Pursuant to the Hicimbothem settlement agreement, plaintiff was to be transferred from Salinas Valley State Prison to California State Prison (CSP)-Sacramento, and the placement at CSP-Sacramento was to include an elevated hospital bed, frequent small meals, protein drinks "as needed," and pain management "as needed." ECF No. 14 at 3; see also ECF No. 6, Ex. A, at 12. No defendants in this action were defendants in the Hicimbothem action.

1    snacks in violation of the <u>Hicimbothem</u> settlement agreement solely because of plaintiff's "legal

2    suits and appeals"; and (4) defendants Bobbala, Bodenhamer, and Bi made "false" and

3    "fabricated" statements and produced "false evidence" to the <u>Hicimbothem</u> settlement court in

4    order to "cover-up the abuse and denial of [medical] treatments" for the sole purpose of

5    retaliating against plaintiff for "his legal work and appeals").

6        To the extent plaintiff is asking this court to enforce the terms of the <u>Hicimbothem</u>

7    settlement agreement or reopen that case, the court is without jurisdiction to do so.  Plaintiff is

8    advised that he may not pursue a claim in this action based on the alleged failure of defendants,

9    who were not defendants in the <u>Hicimbothem</u> action, to comply with the <u>Hicimbothem</u> settlement

10    agreement.  Such claims cannot properly form the basis of a new, separate civil rights action

11    pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (to state a claim under

12    § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution

13    or laws of the United States was violated, and (2) that the alleged violation was committed by a

14    person acting under color of state law).  The violation of a settlement agreement entered into in a

15    civil rights action is not itself a separate civil rights violation.  The court will thus not consider

16    any claims based on defendants' alleged breach of the <u>Hicimbothem</u> settlement agreement.

17        Plaintiff also appears to assert a claim for deliberate indifference to a serious medical need

18    in violation of the Eighth Amendment. Although plaintiff claims that defendants are not

19    providing him proper medical care, his claim is rooted in defendants' non-compliance with the

20    <u>Hicimbothem</u> settlement agreement, rather than in what harm it is causing him.  The court will,

21    however, grant plaintiff leave to file an eighth amended complaint to state a cognizable Eighth

22    Amendment claim.

23        If plaintiff decides to pursue a claim for deliberate indifference to a serious medical need

24    in his eighth amended complaint, he is advised that in order to prevail on a claim of cruel and

25    unusual punishment under the Eighth Amendment, a prisoner must allege and prove that

26    objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

27    acted with deliberate indifference in allowing or causing the deprivation to occur.  <u>Wilson v.</u>

28    <u>Seiter</u>, 501 U.S. 294, 298-99 (1991).

1    Where a prisoner's Eighth Amendment claims arise in the context of medical care, the

2    prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

3    indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth

4    Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and

5    the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059

6    (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

7    Cir. 1997) (en banc).

8    A medical need is serious "if the failure to treat the prisoner's condition could result in

9    further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974

10   F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

11   "the presence of a medical condition that significantly affects an individual's daily activities." Id.

12   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

13   objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S.

14   825, 834 (1994).

15   If a prisoner establishes the existence of a serious medical need, he must then show that

16   prison officials responded to the serious medical need with deliberate indifference. Id. at 834.  In

17   general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

18   interfere with medical treatment, or may be shown by the way in which prison officials provide

19   medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can

20   be said that a prisoner's civil rights have been abridged with regard to medical care, however,

21   "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

22   'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d

23   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of

24   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

25   the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

26   Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-

27   05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff

28   must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994);

1  McGuckin, 974 F.2d at 1059.  "A prisoner need not show his harm was substantial; however,

2  such would provide additional support for the inmate's claim that the defendant was deliberately

3  indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

4         Finally, mere differences of opinion between a prisoner and prison medical staff as to

5  proper medical care do not give rise to a § 1983 claim.  Toguchi v. Chung, 391 F.3d 1051, 1058

6  (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild,

7  891 F.2d 240, 242 (9th Cir. 1989).

8         IV.     Leave to Amend

9         For the reasons set forth above, the court finds that the seventh amended complaint does

10  not state a cognizable Eighth Amendment claim against defendants.  However, it appears that

11  plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend

12  the complaint if he desires.

13         Plaintiff may *either* (1) proceed forthwith to serve defendants Nicolai, Bobbala,

14  Moghaddam, Bi, Sahota, Goeman, Tuers, and Bodenhamer on his First Amendment retaliation

15  claims, *or* (2) he may delay serving any defendant and amend the complaint to attempt to state a

16  cognizable Eighth Amendment claim against the appropriate defendant(s).

17         Plaintiff will be required to complete and return the attached notice advising the court how

18  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

19  file an eighth amended complaint.  If plaintiff elects to proceed on his First Amendment

20  retaliation claims against defendants Nicolai, Bobbala, Moghaddam, Bi, Sahota, Goeman, Tuers,

21  and Bodenhamer without amending the complaint, the court will send him the necessary forms

22  for service of the seventh amended complaint, and the defective Eighth Amendment claim will

23  remain dismissed without prejudice.

24         If plaintiff chooses to file an eighth amended complaint, he must demonstrate how the

25  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

26  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

27  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

28  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

6

1    or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

2    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

3    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

4    268 (9th Cir. 1982) (citations omitted).

5         Plaintiff is also informed that the court cannot refer to prior pleadings in order to make his

6    eighth amended complaint complete.  Local Rule 220 requires that an amended complaint be

7    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

9    1967), overruled in part by Lacey v. Maricopa Cnty., 693 F.3d 896, 929 (9th Cir. 2012) (claims

10   dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

11   amended complaint to preserve appeal).  Once plaintiff files an eighth amended complaint, the

12   original complaint and prior amended complaints no longer serve any function in the case.

13   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

14   of each defendant must be sufficiently alleged.

15        V.        Motion for Preliminary Injunctive Relief

16        On March 18, 2016, plaintiff filed a motion for a preliminary injunction to "stop the

17   immediate harm caused by the denial of medical care set by experts/specialists pursuant to the

18   [Hicimbothem] Settlement Agreement."  ECF No. 6 at 1.  He seeks an order mandating

19   "continuance of the treatments and medication ordered by specialists" pursuant to the 2010

20   Hicimbothem settlement agreement.  Id. at 7-8.  As discussed below, the motion must be denied.

21        In order to prevail on a motion for injunctive relief, the moving party must demonstrate

22   that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the

23   absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief

24   sought is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

25   The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show

26   a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of

27   hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,

28   so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the

1   injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,

2   1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief

3   should be denied if the probability of success on the merits is low.  Johnson v. California State

4   Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips

5   decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is

6   a fair chance of success on the merits.'"  (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670,

7   675 (9th Cir. 1984))).

8          Plaintiff's request for injunctive relief seeks solely to enforce the terms of the

9   Hicimbothem settlement agreement.  As set forth above, this court is without jurisdiction to do so,

10  and plaintiff may not pursue a claim in this action based on the alleged failure of defendants to

11  comply with the Hicimbothem settlement agreement.  Thus, the current motion for a preliminary

12  injunction does not show serious questions going to the merits of this action.  Nor is there a

13  showing that the requested injunctive relief is in the public interest.  Thus, his request for

14  injunctive relief must be denied.

15      VI.     Motion for Appointment of Counsel

16         Plaintiff has requested appointment of counsel.  ECF No. 5.  The United States Supreme

17  Court has ruled that district courts lack authority to require counsel to represent indigent prisoners

18  in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

19  exceptional circumstances, the district court may request the voluntary assistance of counsel

20  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

21  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

22         The test for exceptional circumstances requires the court to evaluate the plaintiff's

23  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

24  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

25  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

26  common to most prisoners, such as lack of legal education and limited law library access, do not

27  establish exceptional circumstances that would warrant a request for voluntary assistance of

28  counsel.

1    In the present case, the court does not find the required exceptional circumstances.  Even

2    if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

3    which, if proved, would entitle him to relief, his case is not exceptional.  The court is faced with

4    similar cases almost daily.  Further, based on a review of the record in this case and the court's

5    instructions to plaintiff regarding the substantive law and what he will have to do to sufficiently

6    plead his claims, the court does not find that plaintiff lacks the capability to articulate his claims.

7    VII.    Summary

8    Plaintiff's request to proceed in forma pauperis is granted.

9    Plaintiff's request for injunctive relief to enforce the terms of the Hicimbothem settlement

10   agreement is denied.

11   Plaintiff's motion for appointment of counsel is denied.

12   Some of the allegations in the seventh amended complaint state claims against the

13   defendants and some do not.  The seventh amended complaint states potentially cognizable First

14   Amendment retaliation claims against all defendants.  Plaintiff is advised, however, that the court

15   will not consider any claims based on violations of the Hicimbothem settlement agreement.

16   The defective Eighth Amendment claims will be dismissed.  However, plaintiff will be

17   granted leave to amend.  In order to state a claim for deliberate indifference, plaintiff must allege

18   specific facts that show that defendant(s) knew of and ignored a serious risk to plaintiff's health

19   or safety.  Plaintiff's general claims that he was denied medical housing and pain management

20   treatment in violation of the Hicimbothem settlement agreement are not enough to establish

21   deliberate indifference.

22   If plaintiff wants, he can either (1) proceed immediately on his First Amendment

23   retaliation claims against defendants Nicolai, Bobbala, Moghaddam, Bi, Sahota, Goeman, Tuers,

24   and Bodenhamer or (2) try to amend the complaint to state an Eighth Amendment claim.  If

25   plaintiff wants to go forward without amending the complaint, his defective Eighth Amendment

26   claim will remain dismissed without prejudice.  If plaintiff chooses to amend his complaint, the

27   eighth amended complaint must include all of the claims plaintiff wants to make, including the

28   ones that have already been found to state a claim, because the court will not look at the claims or

1  information in the original or prior amended complaints.  In other words, any claims not in the

2  eighth amended complaint will not be considered.  Plaintiff must complete the attached

3  notification showing what he wants to do and return it to the court.  Once the court receives the

4  notice, it will issue an order telling plaintiff what he needs to do next (i.e. file an eighth amended

5  complaint or complete and return service paperwork).

6      In accordance with the above, IT IS HEREBY ORDERED that:

7      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

8      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

9  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

10  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11  Director of the California Department of Corrections and Rehabilitation filed concurrently

12  herewith.

13      3.  Plaintiff's Eighth Amendment claim is dismissed with leave to amend.

14      4.  Plaintiff has the option to proceed immediately on his First Amendment retaliation

15  claims against defendants Nicolai, Bobbala, Moghaddam, Bi, Sahota, Goeman, Tuers, and

16  Bodenhamer, or to amend the complaint.

17      5.  Within twenty-one days of service of this order, plaintiff shall complete and return the

18  attached form notifying the court whether he wants to proceed on the screened seventh amended

19  complaint or whether he wants to file an eighth amended complaint.

20      6.  Plaintiff's motion for injunctive relief (ECF No. 6) is denied.

21      7.  Plaintiff's motion for appointment of counsel (ECF No. 5) is denied.

22  DATED: January 9, 2017

23

24  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

10

1
2
3
4
5
6
7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY GIRALDES, JR.,                          No.  2:16-cv-0497 AC P

12                  Plaintiff,

13          v.                                       PLAINTIFF'S NOTICE ON HOW TO
                                                     PROCEED
14    ALICE NICOLAI, et al.,

15                  Defendants.

16

17          Check one:

18    _____ Plaintiff wants to proceed immediately on his First Amendment retaliation claims against

19          defendants Nicolai, Bobbala, Moghaddam, Bi, Sahota, Goeman, Tuers, and Bodenhamer

20          without amending the complaint.  Plaintiff understands that going forward without

21          amending the complaint means that his Eighth Amendment claim against defendants

22          Nicolai, Bobbala, Moghaddam, Bi, Sahota, Goeman, Tuers, and Bodenhamer will remain

23          dismissed without prejudice.

24    _____ Plaintiff wants to amend the complaint.

25

26    DATED:_____

27                                                  _____
                                                    Larry Giraldes, Jr.
28                                                  Plaintiff pro se