1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

LARRY GIRALDES, JR.,

No.  2:16-cv-0497 AC P

12

Plaintiff,

13

v.

ORDER AND FINDINGS AND
RECOMMENDATIONS

14

ALICE NICOLAI, et al.,

15

Defendants.

16
17

Larry Giraldes, Jr. ("plaintiff") is a state prisoner proceeding pro se with this action

18

pursuant to 42 U.S.C. § 1983.  On February 6, 2017, the court ordered service for, among others,

19

defendant Bi.  ECF No. 21.  Service for Bi was returned unexecuted on February 21, 2017.  ECF

20

No. 23.  Accordingly, the court directed plaintiff to provide additional information to enable

21

service for this defendant.  ECF No. 25.  On March 24, 2017, after finding that plaintiff had failed

22

to provide any new information that would enable service for Bi, the court gave plaintiff a final

23

opportunity to submit new information for service.  ECF No. 27.  Plaintiff was warned that failure

24

to provide new information within thirty days of the court's order would result in Bi's dismissal

25

from this action.  Id. at 2.  In excess of thirty days have now passed and plaintiff has not

26

submitted any new information for serving Bi.

27

Rule 4(m) provides that:

28

If a defendant is not served within 90 days after the complaint is

1

> filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

The court now recommends defendant Bi's dismissal. Plaintiff was afforded multiple opportunities to provide information which would enable service for Bi, but he has failed to do so. Additionally, well in excess of ninety days have passed since defendant Bi was added as a defendant to this case. See ECF No. 13. Based on the foregoing, the court finds that additional attempts to serve Bi would be futile.

Defendants in this action have not submitted a consent or declination of Magistrate Judge jurisdiction and, accordingly, it is HEREBY ORDERED that the Clerk of Court shall assign a District Judge to this case.

Further, it is RECOMMENDED that Defendant Bi be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

////

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 15, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE