UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | No. 2:16-cv-0497 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| ALICE NICOLAI, et al., | |
| Defendants. | |

Larry Giraldes, Jr. ("plaintiff") is a state prisoner proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He has filed a motion for an emergency preliminary injunction (ECF No. 41) and a motion for reconsideration of the court's screening order (ECF No. 42). The court will deny his motion for reconsideration and direct defendants' counsel to file a response to the emergency motion within seven days.

I.   Motion for Reconsideration

In his motion for reconsideration, plaintiff requests that the court reconsider its screening dismissal of his Eighth Amendment medical deliberate indifference claims. ECF No. 42 at 3. The court dismissed these claims with leave to amend on January 9, 2017. ECF No. 15. Plaintiff elected not to file another amended complaint and to instead proceed immediately with the First Amendment retaliation claims which form the basis of this action. See ECF No. 20. He was specifically notified that, by doing so, his Eighth Amendment claims against the defendants

1

would remain dismissed without prejudice. ECF No. 15 at 11.

The court has reviewed plaintiff's seventh amended complaint (ECF No. 14) and its screening order (ECF No. 15) and sees no reason to deviate from its dismissal of plaintiff's Eighth Amendment deliberate indifference claims. The court notes that plaintiff has been afforded numerous opportunities to state cognizable Eighth Amendment claims in this action; he has filed no less than seven iterations of his complaint thus far. See ECF Nos. 1, 3, 8, 9, 10, 12, 13, 14. And, as set forth above, the court offered plaintiff an opportunity to file an eighth amended complaint after it screened the seventh, but plaintiff elected to proceed only with the claims that were determined to be cognizable. The Ninth Circuit has held that "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). None of the relevant circumstances supporting a grant of reconsideration apply here.

## II.     Emergency Motion for Preliminary Injunction

The court has reviewed plaintiff's emergency motion for preliminary injunction and, in light of the pressing issues alleged therein, will direct a response. Deputy Attorney General William J. Douglas represents all of the defendants in this action. Accordingly, he is directed to file and serve, on or before Wednesday, August 2, 2017, a response to plaintiff's emergency motion filed July 21, 2017, see ECF No. 41, concerning plaintiff's lack of medication and access to the law library. Plaintiff shall refrain from filing a reply - his motion adequately represents his interests and time is of the essence.

## Conclusion

It is THEREFORE ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 42) is DENIED; and

////

////

2

2. Defendants' counsel shall file a response to plaintiff's emergency motion for preliminary injunction (ECF No. 41) on or before Wednesday, August 2, 2017.

IT IS SO ORDERED.

DATED: July 25, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE