UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., <br><br> Plaintiff, <br><br> v. <br><br> ALICE NICOLAI, et al., <br><br> Defendants. | No. 2:16-cv-0497 KJM AC P <br><br><br> ORDER |

Larry Giraldes, Jr. ("plaintiff") is a state prisoner proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He has filed a motion seeking to have this court appoint an expert in pain management. ECF No. 52. Plaintiff claims that defendants have restricted his pain medication in retaliation for "signing [s]ettlement papers behind their backs" and expert appointment is necessary to show that his medical condition is serious and is "akin to having cancer." Id. at 2-3.

Federal Rule of Evidence 706 does not permit the court to appoint and compensate an expert witness to act as an advocate for plaintiff. See Gamez v. Gonzalez, 2010 U.S. Dist. LEXIS 61369, 2010 WL 2228427, *1 (E.D. Cal. June 2, 2010) (holding that Rule 706 "does not contemplate the appointment of, and compensation for, an expert to aid one of the parties."); see also Gorrell v. Sneath, 2013 U.S. Dist. LEXIS 93960, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (holding that "the purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party."). The fact that the party requesting appointment of an

1

expert is proceeding in forma pauperis does not warrant an exception to this rule. See <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993) (holding that "28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses."). Additionally, the court notes that the claims underlying this action are First Amendment retaliation claims, not Eighth Amendment deliberate indifference claims. ECF No. 15. With respect to these underlying claims, the court concludes that appointment of a medical expert is unnecessary – at least at this time. In his motion, plaintiff claims that his pain medications are being "completely stopped" (ECF No. 52 at 1); the court is confident that it can interpret any medical records indicating a complete discontinuation of pain care without the aid of an expert.

As a final note, the court is concerned that plaintiff, having been denied his request to reinstate the Eighth Amendment claims that were screened out (ECF Nos. 42-43), is attempting to shift the focus of this litigation to the question of whether he is currently being provided adequate medical care. The court will adjudicate the pending motion for preliminary injunctive relief insofar as the medical shortcomings alleged therein purportedly arise out of some retaliatory purpose on the part of defendants. ECF No. 41. Any broader claims about the constitutional adequacy of plaintiff's current medical care must be brought in a separate suit.

IT IS THEREFORE ORDERED that plaintiff's motion for court order as to appointed expert (ECF No. 52) is DENIED.

DATED: August 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE