UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR. | No. 2:16-cv-00497 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| ALICE NICOLAI, et al, | |
| Defendants. | |

On January 12, 2018, defendants filed a motion to stay discovery pending disposition of their motion to dismiss and motion for summary judgment. ECF Nos. 80 at 1, 80-1 at 4. Defendants also request a protective order pursuant to Federal Rule of Civil Procedure 26(c) that would: (1) relieve them of their obligation to respond to plaintiff's outstanding interrogatories, requests for admissions and requests for production of documents, and (2) limit the number and scope of plaintiff's discovery requests consistent with claims remaining after the court addressed defendants' dispositive motions. ECF Nos. 80, 80-1 at 4-6. See ECF No. 80-1 at 6. For the reasons listed below, the court will grant the motion in part and deny it in part.

The original discovery and scheduling order was issued on May 16, 2017. ECF No. 31. Thereafter, on July 19, 2017, the discovery and pre-trial motion deadlines were stayed pending the outcome of the November 29, 2017 settlement conference. See ECF Nos. 37, 38. The court ordered that if the case did not settle, defendants must produce specified discovery documents to

plaintiff within forty-five days of the conference date.  See generally ECF No. 37.  The parties attended the settlement conference on November 29, 2017, but a settlement was not reached.  See ECF No. 77.  This triggered the forty-five day deadline for defendants to respond to the specified discovery requests.  See ECF No. 37.  Their responses were accordingly due on January 16, 2018.

District courts may exercise "wide discretion in controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  The court has broad discretion to stay proceedings as an incident to its power to control its docket.  Clinton v. Jones, 520 U.S. 681, 706 (1997); see Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936) (stating power to stay proceedings is incidental to power inherent in court to control cases with economy for itself, counsel and litigants)).  A stay of discovery pending the resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants.  See, e.g., Little, 863 F.2d at 685 (noting furtherance of efficiency goal when staying discovery pending resolution of immunity issue).  Indeed, the Ninth Circuit has recently held that staying discovery pending the resolution of an exhaustion motion is proper.  See Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (establishing propriety of delaying discovery pending resolution of exhaustion motion).

Defendants seek a stay on the ground that their motions to dismiss and for summary judgment (ECF Nos. 64 and 66), filed in October 2017, remain pending and are potentially dispositive of this case.  See ECF Nos. 80 at 1, 80-1 at 1, 4-6.  The motion for summary judgment asserts non-exhaustion of administrative remedies.  See ECF Nos. 80 at 1, 66-1 at 1-2.  Defendants argue that a stay will promote the "just, speedy and inexpensive determination" of this case as encouraged by Federal Rule of Civil Procedure 1.  ECF No. 80-1 at 5.  The court agrees, and will therefore order that discovery be stayed pending the resolution of defendants' dismissal and summary judgment motions.

In addition to a stay, defendants seek a protective order with respect to the discovery responses that were previously ordered and were due on January 16, 2018, and limiting the number and scope of plaintiff's future discovery requests.  Rather than issuing a protective order at this time, the court will defer reconsideration of the scope of any remaining discovery until

after resolution of the dispositive motions. If claims remain to be litigated upon resolution of the pending motions, defendants will have 7 days from the date of the district judge's order on the motions to file a renewed motion for protective order, tailored to the scope of the case at that time. The stay of discovery will remain in place until the court rules on the request or otherwise lifts the stay.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Defendants' motion to stay discovery and for a protective order (ECF No. 80) is GRANTED in part and DENIED in part as follows:

    a. Defendants' production of discovery that was due on January 16, 2018 pursuant to the court's July 19, 2017 order (ECF No. 37) is STAYED nunc pro tunc, until further order of the court;

    b. All other discovery pursuant to the court's original scheduling order (ECF No. 31) is STAYED until further order of the court following resolution of the pending dispositive motions;

    c. Defendants' request for a protective order is DENIED without prejudice. Defendants may renew the motion if necessary within 7 days of the district judge's final ruling on the motion to dismiss (ECF No. 64) and motion for summary judgment (ECF No. 66).

    IT IS SO ORDERED.

DATED: January 25, 2018

                                       _/s/ Allison Claire_
                                       ALLISON CLAIRE
                                       UNITED STATES MAGISTRATE JUDGE