UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., <br><br> Plaintiff, <br><br> v. <br><br> A. NICOLAI, et al., <br><br> Defendants. | No. 2:16-cv-0497 KJM AC P <br><br><br> ORDER |

Plaintiff is a state prisoner, proceeding pro se. On July 17, 2019, plaintiff filed a motion to vacate the dismissal of this case.

The record reflects that on June 7, 2019, the undersigned settled this action. Plaintiff was present and represented by counsel for settlement purposes. Defendant Sahota was represented by counsel Thomas P. Feher. The remaining defendants were represented by Derrek J. Lee, Deputy Attorney General. The express terms of the settlement were placed on the court record and discussed in detail. The undersigned confirmed with everyone present, including plaintiff and his counsel, that each party agreed with the terms of the settlement. Plaintiff was cautioned that, after entering into the settlement, subsequently having second thoughts would not be grounds to challenge the settlement. The undersigned stated on the record that dispositional documents and a dismissal were to be filed with the court within thirty days, with the

////

1

understanding that even though plaintiff's cases[1] would be dismissed now, the undersigned stays involved to ensure the terms of the settlement are met.

On June 7, 2019, plaintiff and counsel for defendants Goeman, Bodenhamer, Moghaddam, Nicolai, Tuers, Bobbala, and Bi signed a stipulation for voluntary dismissal of this action against all of the defendants, including defendant Sahota. On June 10, 2019, counsel for defendants Goeman, Bodenhamer, Moghaddam, Nicolai, Tuers, Bobbala, and Bi filed the stipulation for voluntary dismissal, and this case was dismissed with prejudice on June 11, 2019. (ECF Nos. 90, 91.)

Plaintiff now claims that entry of the dismissal was premature because the case "has not been settled," alleging that the written terms drafted by defendants are "not what was promised at the verbal settlement." (ECF No. 92 at 1.) Plaintiff claims that the "Motion to dismiss was to be held by defendants until settlement was complete." (Id.)

However, it was stated on the record that the settled cases, including this one, would be dismissed, even though the parties acknowledged that payment of the settlement proceeds could take as long as six months. Moreover, the terms of the settlement were placed on the court record. In his motion, plaintiff fails to identify any disparities between an alleged writing and the specific terms placed on the court record. As stated on the record, the undersigned remains available to assist should difficulties arise in fulfilling the terms of the settlement. Because plaintiff has failed to show any basis to reconsider the settlement placed on the court record, or to demonstrate that intervention by the undersigned is appropriate at this time, plaintiff's motion to vacate the dismissal is denied without prejudice. The undersigned remains available should the parties need assistance in fulfilling the settlement terms.

Accordingly, IT IS HEREBY ORDERED plaintiff's motion (ECF No. 92) is denied without prejudice.

Dated: July 29, 2019

/gira0497.set.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Terms of the settlement included dismissal of the instant case as well as case nos. 2:17-cv-2602 KJM EFB and 2:16-cv-2139 KJM DB.