UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., <br> Plaintiff, <br> v. <br> ALICE NIKOLAI, et al., <br> Defendants. | No. 2:16-cv-0497 KJM AC <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds pro se in this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Following a successful settlement conference, a stipulation for voluntary dismissal with prejudice was filed on June 10, 2019. ECF No. 90. The action was accordingly closed. ECF No. 91. Plaintiff subsequently moved to vacate the stipulated dismissal. ECF No. 92. The motion was denied without prejudice by the settlement judge. ECF No. 94. Plaintiff then filed objections to the settlement, directed to the district judge, which were referred to the undersigned. ECF Nos. 97, 98.

I. BACKGROUND

The record establishes the following facts. A settlement conference was conducted in this case in 2017, by U.S. Magistrate Judge Kendall J. Newman, and the case did not settle. ECF No. 77. On June 7, 2019, Judge Newman held a settlement conference in another of plaintiff's cases, Giraldes v. Bobbala, No. 2:17-cv-2602 MCE EFB. Plaintiff was represented by pro bono counsel

at this settlement conference. A resolution was reached that included both the Bobbala matter and the instant case, along with Giraldes v. CDCR, et al., No. 2:16-cv-2139 KJM DB. The terms of the settlement were stated on the record. ECF Nos. 89 (minute order), 96 (transcript).

Judge Newman memorialized the material terms of the agreement as follows:

> In settlement in this case, real underlying issues have been Mr. Giraldes' . . . concerns about his pain management treatment as well as his dietary plans and nutrition. So what the parties have agreed is, essentially, to do a fresh start and so as part of this settlement the plaintiff agrees to dismiss all cases, litigation, and appeals he has pending with the exception of the Baughman matter, which is Case No. 18-10055, but he's dismissing this case, which is 17-cv-2602. He's also dismissing 16-cv-2139 and 16-cv-0497. Initially, he had a previous litigation that had been settled called Hicimbothom, 09-cv-154, that resulted in a settlement and some non-monetary relief as part of that, which was entered into on August 12th of 2010, and plaintiff agrees that that will have no force and effect and will not be cited or referenced in any future claims or litigation.
>
> . . . Mr. Giraldes agrees to dismiss all medical practitioners before then entering into the actual or as part of then entering into a separate signed settlement, which will be with Defendant Tuers, T-U-E-R-S, and then of course, CDCR is the one who's ultimately agreeing to the fundamental terms here.
>
> Defendants agree to pay to plaintiff and his counsel the total sum of $3,000 in complete resolution of all claims that Mr. Giraldes brought or could have brought in any of these cases and defendants agree that within 90 days from receipt of a signed document they will have Mr. Giraldes examined by a medical doctor not from CSP-SAC, as well as they will have Mr. Giraldes evaluated by a dietician, examined and evaluated by a dietician. . . not from CSP-SAC. All, each of those people will use their training and experience and the best practices to determine medically the best treatment, including pain management for Mr. Giraldes, as well as the best practices for his dietary concerns/issues going forward, and CDCR agrees to go along with whatever they recommend and determine is medically appropriate. And. . . Mr. Giraldes agrees to be bound by whatever they determine to the best practices and appropriate. He agrees not to contest whatever their recommendations are or if those recommendations change in the future based on, again, professionals determining what the best practices and what is reasonably needed changes over time.

ECF No. 96 at 4-6.

Judge Newman then provided hypotheticals to illustrate the agreed-upon terms regarding mutual acceptance of the new medical and nutritional assessments:

////

2

> For example, pain medication. A doctor could recommend no medication, could recommend Tylenol, could recommend Tramadol, but it's up to the doctor to determine what he or she recommends and Mr. Giraldes agrees he's not going to contest that just 'cause he has a different conclusion. And even if, for example, the doctor prescribes Tramadol but in six months says, he or she or another doctor determines that Mr. Giraldes no longer needs it medically, then Mr. Giraldes doesn't have a basis to bring a, a new lawsuit or claim as a result of that.
>
> Similarly, the dietician will be making their best professional determinations as to whether or not he needs smaller meals, more calories, etc., and CDCR agrees to go along with that determination as well as Mr. Giraldes agrees to go along with it and not file claims or litigation if he disagrees or if those change in the future 'cause someone determines, again, it, it's no longer the appropriate course of treatment and Mr. Giraldes agrees that he will be seeking to comply with all instructions. So he realizes they may very well order different restrictions or take him off something if, for example, he refuses to be weighed in or he's not eating his meals. That may, very often, can impact what a doctor or a dietician thinks is medically necessary and appropriate.

Id. at 6-7.

Judge Newman concluded by noting that the settlement would involve no admission of liability by defendants, that the parties would bear their own fees and costs, that any proceeds would first be applied against any outstanding restitution owed by the plaintiff, and that plaintiff would be required to sign "the dismissal with prejudice of the medical professionals, a signed settlement agreement, a signed payee sheet. . . as well as a dismissal with prejudice of each of these cases." Id. at 7.

Mr. Giraldes' attorney confirmed the accuracy and completeness of the material terms as stated by the settlement judge. Id. at 7-8. Judge Newman engaged Mr. Giraldes in a lengthy colloquy about the condition that he not rely on the terms of the old Hicimbothom settlement in making any future requests for specific care, and Mr. Giraldes – after initial resistance and further explanation of this point – agreed. Id. at 14-19. Plaintiff affirmed that he understood and accepted all the terms of the agreement as set forth by the court, and that he did so knowingly and voluntarily. Id. at 22-25. He specifically acknowledged that having second thoughts about the terms would not be a basis for refusing to sign the settlement agreement. Id. at 23.

////

1 | Plaintiff signed a stipulation for voluntary dismissal of this case on June 7, 2019, the day
2 | of the settlement conference. ECF No. 90 at 2. The stipulation was filed by defense counsel on
3 | June 10, 2019, and the case was accordingly closed on June 11. ECF Nos. 90, 91.
4 | Plaintiff subsequently moved pro se to vacate the dismissal as "untimely." ECF No. 92.
5 | Defendant filed an opposition, ECF No. 93, and the motion was denied without prejudice by
6 | Judge Newman, ECF No. 94. The court stated as follows:

> Plaintiff now claims that entry of the dismissal was premature because the case "has not been settled," alleging that the written terms drafted by defendants are "not what was promised at the verbal settlement." (ECF No. 92 at 1.) Plaintiff claims that the "Motion to dismiss was to be held by defendants until settlement was complete." (Id.)
>
> However, it was stated on the record that the settled cases, including this one, would be dismissed, even though the parties acknowledged that payment of the settlement proceeds could take as long as six months. Moreover, the terms of the settlement were placed on the court record. In his motion, plaintiff fails to identify any disparities between an alleged writing and the specific terms placed on the court record. As stated on the record, the undersigned remains available to assist should difficulties arise in fulfilling the terms of the settlement. Because plaintiff has failed to show any basis to reconsider the settlement placed on the court record, or to demonstrate that intervention by the undersigned is appropriate at this time, plaintiff's motion to vacate the dismissal is denied without prejudice. The undersigned remains available should the parties need assistance in fulfilling the settlement terms.
>
> Accordingly, IT IS HEREBY ORDERED plaintiff's motion (ECF No. 92) is denied without prejudice.

ECF No. 94 at 2.

Plaintiff then filed the instant pro se objections to the settlement. ECF No. 97.

## II. THE MOTION

Plaintiff renews his assertion that the stipulation was filed, and the case closed, prematurely. He contends that "[t]he Settlement Agreement, when it came to sign, was not what […] plaintiff was led to believe it would be at settlement." ECF No. 97 at 2. Plaintiff describes the settlement terms as "toothless" and "unjust," and alleges that "they were all entered into upon the false premise put forward by Magistrate Newman, [who] stated experts HAD NOT BEEN APPROVED [in the Bobbala case], when Judge Brennan had in fact not only approved experts,

4

but assigned counsel to inform that court." Id. Plaintiff contends that Judge Newman is trying to "FORCE settlement against plaintiff's refusal to sign the agreement," and that settlement has not in fact been achieved. Id. He asks the district judge to vacate the order of dismissal as premature, and set the case for trial. Id.

Plaintiff does not provide a legal basis for his objections or the requested relief. Because he seeks to reopen the case, his motion is best construed substantively as one for relief from judgment under Fed. R. Civ. P. 60(b). Alternatively, the caption of the motion[1] suggests that plaintiff seeks the district judge's review of a magistrate judge's order pursuant to Local Rule 303(c) ("Reconsideration by District Judge of Magistrate Judge's Ruling"). For the reasons explained below, the motion should be denied under either construction.

### III. AS CONSTRUED AS A MOTION FOR RELIEF FROM JUDGMENT, PLAINTIFF'S MOTION SHOULD BE DENIED

Under Fed. R. Civ. P. 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) is to be used sparingly to prevent manifest injustice. Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (citation omitted). The moving party must show that "extraordinary circumstances" warrant relief. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988). The breach of a settlement agreement may constitute an extraordinary circumstance

---

[1] "MOTION TO DISTRICT JUDGE [:] OBJECTION TO THE SETTLEMENT MAGISTRATE'S ORDER ON BEHALF OF TRIAL COURT – RE SETTLEMNT NOT COMPLETE – VACATE DISMISSAL ORDER AS PREMATURE[.]" ECF No. 97 at 1.

5

justifying relief under Rule 60(b)(6), and thus can permit the reopening of a dismissed case. See Kalt v. Hunter, 66 F.3d 1002, 1006 (9th Cir. 1995); Keeling v. Sheet Metal Workers Int'l Ass'n, 937 F.2d 408, 410 (9th Cir. 1991).

Here, plaintiff contends that the case should be re-opened because (1) it was dismissed pursuant to stipulation before a written settlement agreement was executed; (2) the written settlement agreement is inconsistent with the verbal agreement and/or with plaintiff's expectations; (3) the settlement agreement was premised on inaccurate information about the procedural posture of the Bobbala case. Plaintiff also implies that Judge Newman was not neutral in his role as settlement judge. ECF No. 97. These allegations do not support relief under Rule 60(b).

First, plaintiff acknowledged on the record on June 7, 2019 that all his pending civil cases other than Baughman would be dismissed prior to or contemporaneously with execution of the written agreement, and prior to defendants' performance of their obligations under the agreement (both as to monetary payment and as to the anticipated medical and dietician evaluations). Accordingly, his prematurity argument is baseless.

Second, there is no material discrepancy between the terms to which plaintiff agreed verbally on June 7, 2019, and those set forth in the written agreement. The undersigned has reviewed the settlement agreement, which plaintiff filed in support of his motion to vacate the dismissal in Giraldes v. Bobbala, No. 2:17-cv-2602 MCE EFB.[2] Nothing in this document is inconsistent with Judge Newman's recitation of material terms on June 7, 2019, to which plaintiff gave his informed assent. Accordingly, plaintiff's claim that the terms violate his expectations and are unfair amount to nothing more than buyer's remorse. Such second thoughts do not constitute extraordinary circumstances warranting relief under Rule 60(b).

Third, plaintiff's representation that he was misled by the settlement judge about the status of the Bobbala case does not support relief. Plaintiff contends that Judge Newman "inaccurately stated experts HAD NOT been approved" in the Bobbala case, and that "all other [settlement]

---

[2] See Bobbala, No. 2:17-cv-2602 MCE EFB, ECF No. 64, pp. 5-8.

6

discussions continued" on the basis of this false "premise." ECF No. 97 at 1. The docket in Bobbala reflects that Judge Brennan appointed pro bono counsel in light of a pending motion for summary judgment, for the limited purpose of obtaining an expert medical opinion with which to supplement plaintiff's opposition to the motion. Case No. 2:17-cv-2602 MCE EFB at ECF No. 43. This order was served on plaintiff. Chijioke O. Ikonte, the attorney appointed to represent plaintiff in relation to that matter, was present at the settlement conference. Accordingly, regardless of what anyone may have said to plaintiff during the course of the settlement conference about the status of the Bobbala litigation or the retention of experts, plaintiff cannot plausibly maintain that he was misled, or that the settlement was somehow predicated on a misunderstanding about the status of litigation.[3]

Plaintiff has presented no facts indicating that the settlement or dismissal was obtained by fraud, misrepresentation, or misconduct by an opposing party. See Rule 60(b)(3). Nor has plaintiff factually supported his insinuation that Judge Newman committed misconduct. The record refutes this suggestion. Plaintiff has also presented no evidence of a breach or repudiation of the agreement by defendants, which might support relief under Rule 60(b)(6). See Kalt, 66 F.3d at 1006; Keeling, 937 F.2d at 410. To the contrary, he seeks to vacate dismissal of his case because he is dissatisfied with the terms of the settlement to which he agreed. This does not support relief.

Because plaintiff has provided no cognizable grounds for relief under Rule 60(b), and because his objections are inconsistent with the record, the motion should be denied.

IV. **IF CONSTRUED AS A MOTION FOR RECONSIDERATION BY THE DISTRICT JUDGE OF MAGISTRATE JUDGE NEWMAN'S ORDER AT ECF NO. 94, PLAINTIFF'S MOTION SHOULD BE DENIED**

To the extent plaintiff's motion seeks reconsideration of Judge Newman's July 29, 2019 order, ECF No. 94, it should be denied. Under any standard, including de novo review,[4] the order

---

[3] In Bobbala as in the present case, a summary judgment motion was pending at the time of the settlement conference.

[4] Judge Newman's order addressed a post-judgment matter within the scope of his role as the settlement judge, see Local Rule 302(c)(12), but one not expressly contemplated by 28 U.S.C. §

was correct because plaintiff's first motion to vacate the dismissal presented no basis for such relief.

In the motion previously addressed by Judge Newman, ECF No. 92, as here, plaintiff argued that the stipulation for dismissal was filed prematurely, and that the case was therefore closed before there was an actual settlement. In plaintiff's view, settlement was not "complete" at the time he signed the Rule 41 stipulation because he had not yet reviewed and signed the written settlement agreement. Upon later review of the written agreement, plaintiff discovered that it was "not what was promised at the verbal settlement." Id. at 1. Accordingly, plaintiff argued that the case had in fact not settled. For the reasons already explained, this argument does not hold water. The settlement was complete, and binding on all parties, when its material terms were confirmed orally on the record. See Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002) (oral agreement to settle, reached in off-the-record negotiations with settlement judge, enforceable when terms were stated in open court and plaintiff indicated agreement). The written agreement (which plaintiff did not present to Judge Newman in support of his motion) was not in fact inconsistent with the oral agreement. See Doi, 276 F.3d at 1139-40 (rejecting argument that elaboration of terms in written settlement agreement was inconsistent with underlying oral agreement and thus unenforceable).

Judge Newman accurately recounted the procedural history and plaintiff's acceptance of the settlement's terms. He correctly denied the motion without prejudice, on grounds that plaintiff had not identified any discrepancy between the oral agreement and the written agreement, or otherwise provided any basis to reconsider the settlement. ECF No. 94 at 2. There is no legal reason to disturb this ruling.

////

////

---

636. Non-dispositive pretrial rulings by a magistrate judge are reviewed under the "clearly erroneous or contrary to law" standard. § 636(b)(1)(A). This deferential standard applies to Requests for Reconsideration pursuant to Local Rule 303. LR 303(f). It is unclear that this standard is appropriate here, however. De novo review is not at all deferential to the magistrate judge's ruling and thus is most favorable to plaintiff.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion objecting to the settlement and seeking to reopen this case, ECF No. 97, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 6, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE